## THE BAY CITY AND E. S. R. R. Co. *vs.* AUSTIN.

The law imposes the duty of maintaining a fence, upon the owners and occupants of a railroad respectively, as well as upon the company first organized, and without confining it to either.

A law providing for the recovery of double damages, was repealed after the rendition of a verdict, but before the entry of judgment thereon. *Held,* in such case that judgment should be for single damages only.

Error to Saginaw Circuit.

*Opinion by* GRAVES, J.—Aug. 12, 1868, a horse belonging to Austin was run over and killed by an engine of the Flint & Pere Marquette Company, on the road of the plaintiffs in error and this suit was brought to recover for the injury. June 22, 1869, a verdict was given in his favor for $212 04, and Oct. 9, thereafter the Court awarded judgment for double that sum.— While the plaintiffs in error owned the road, the other company finished it and exclusively operated it, and the horse was killed by their engine while using the road under a contract.

By the statute as amended, *S. L.,* 1867, p. 221, railroad corporations and persons owning or occupying any railroad in this State, are required to keep up fences, cattle guards, farm cross ings, &c.; and the corporations, persons and agents who may occasion injury to animals where such fences, &c., have not been erected, on the line of such roads, are made liable in double damages. And after such fences, &c., are built, persons leading or driving animals on such road at other places than at farm crossings, are liable to a penalty not exceeding ten dollars.

Plaintiffs in error objected to the recovery, on the ground that under the law, as amended, they could not be held liable, because the Flint & Pere Marquette Company were not their agents within the meaning of the statute.

This claim of the plaintiffs in error is not sustained.

The amendment of 1867 intended to impose the duty of maintaining a fence, upon the owners and occupants of a railroad respectively, as well as upon the company first organized, and

without confining it to either. The plaintiff in error might be liable as principal, and the Flint & Pere Marquette Company as an agent.

The act of 1869, which was passed before the verdict and became operative after it, but before judgment, struck from the amended section 43 the word " double," leaving a liability for single instead of double damages, and the plaintiffs in error insist that this amendment cut off all right to a judgment for more than single damages. They claim that the act of 1867, in allowing more than single damages, was exclusively punitory, and vested no right in the defendant in error, which the Legislature before judgment could not take away. On the other hand it was argued that the law as it stood when the injury was done fixed the measure of his right, and that the moment the damage was done he acquired an inviolable right to recover not merely all his damages but double the amount, and that it is not to be supposed that the Legislature intended by the repealing act of 1869 to affect the measure of redress in a pending action.

*Held,* That the act of 1869 was an unqualified repeal of the phrase introduced by the act of 1867, giving double damages, and that there was no ground for holding that the Legislature meant to except pending cases from its operation. The plaintiff below had no such vested right to the double damages as was superior to the power of the Legislature to take away and to the extent of the matter of damages the judgment below was reversed and a new rule of damages fixed. On the other questions, judgment was affirmed.